IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03228-RM-KLM

LANCE CASSINO,

    Plaintiff,

v.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION,
U.S. BANK NATIONAL ASSOCIATION,
ASHLEY JORDAN,
SERINA LEE,
RAYMOND SKERLING, II, and
ROBERT HOFFMAN,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Joint Motion to Dismiss** [#22][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#31] in opposition to the Motion [#22], and Defendant filed a Reply [#38]. The Motion [#22] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1. *See* [#23]. The Court has reviewed the Motion, the Response, the Reply, the entire

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#22] be **GRANTED**.

## I. Background[3]

On September 26, 2005, Plaintiff executed a $200,000 promissory note (the "Note") in favor of non-party Community Mortgage Group in connection with property he already owned in Jefferson County, Colorado (the "Property"). *Compl.* [#1] ¶ 58. The Note was secured by a deed of trust recorded in Jefferson County, Colorado, on October 6, 2005, at Reception No. 2005094330 (the "Deed of Trust"). *Id.* ¶¶ 59-60. Together, the Note and the Deed of Trust comprise the "Mortgage Loan," which was serviced by Defendant JPMorgan Chase Bank National Association ("Chase"). *Id.* ¶ 64. Defendants Serina Lee, Ashley Jordan, and Raymond Skerling, II, all hold Vice President positions with Defendant Chase, and Defendant Robert J. Hoffman is an attorney for Defendant Chase. *Id.* ¶¶ 3-6.[4]

On September 21, 2011, Defendant Chase recorded an allegedly "patently false document" titled Corporate Assignment of Deed of Trust (the "Assignment"), which transferred interest in the Deed of Trust to Defendant Chase. *Id.* ¶ 65. On November 16,

---

[3] For the purposes of resolving the Motion [#22], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] One other named defendant, Defendant U.S. Bank National Association, is only listed in the Complaint's caption and opening paragraph, not under the heading of "The Parties" or as a party against Plaintiff has asserted claims or requested relief under "Claims for Relief" or "Requests for Relief." This entity is, however, mentioned several times throughout the allegations section of the Complaint [#1], so Plaintiff's intent here is unclear. Regardless, it is not necessary to resolve this tension for purposes of adjudicating the present Motion [#22].

2011, Defendant Chase filed a complaint against Plaintiff in the District Court for Jefferson County, Colorado, Case No. 2011CV4858 (the "2011 Case") to reform the legal description in the Deed of Trust and to foreclose on the Property.  *Id.* ¶ 67.  On March 11, 2013, Defendant Chase and Plaintiff entered into a settlement agreement to resolve the disputes and claims of the 2011 Case (the "Settlement Agreement"), in which Defendant Chase paid Plaintiff $10,000 for attorney's fees and for the dismissal of Plaintiff's counterclaims.  *Id.* ¶ 72.

On June 28, 2017, Plaintiff filed an action in the Jefferson County District Court, raising claims related to the Property in Case No. 2017CV231 (the "2017 Case").  *Id.* ¶ 13.  There, Plaintiff asserted the following claims: interference with contractual relations, fraud/misrepresentation, spurious documents, Fair Debt Collection Practices Act ("FDCPA") violations, and quiet title against Defendant Chase.  *Defs.' Ex. C, Verified Second Am. Compl. In Partition & Quiet Title* [#22-3] ¶¶ 73-80.[5]  These claims, as well as Defendant Chase's counterclaims, were eventually adjudicated as follows: (1) summary judgment entered in favor of Defendant Chase on Plaintiff's fraud/misrepresentation claim; (2) directed verdict entered in favor of Defendant Chase on Plaintiff's claims for interference with contractual relations, spurious documents, violations of the FDCPA ,and

---

[5] When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  Here, all outside documents cited by the Court fall into one or more of these three categories.

quiet title; (3) jury verdict in favor of Defendant Chase on its counterclaim for breach of the settlement agreement; (4) jury award of $10,000.00 to Defendant Chase for breach of the settlement agreement plus $301,450.20 for its judgment on the Note counterclaim; (5) order of reformation in favor of Defendant Chase regarding the legal description of the Deed of Trust on the Property's Mortgage Loan; (6) order granting Defendant Chase's counterclaim for spurious document, finding that Plaintiff's Truth in Lending Act ("TILA") rescission notice was "groundless and baseless," and (7) award to Defendant Chase for $144,004.75 in attorneys' fees and $11,586.97 in costs for the 2017 Case. *Defs.' Ex. B, 2017 Case Filings* [#22-2]. On March 6, 2020, Plaintiff filed a Notice of Appeal of the 2017 Case with the Colorado Court of Appeals in Case No. 2020CA444. *Defs.' Ex. D, 2020CA444 Docket* [#22-4]. That appeal remains pending.

Plaintiff filed the present lawsuit on October 28, 2020, "to redress the damage inflicted on [Plaintiff] by [Defendant] Chase's fraudulent actions and activities in seeking to dispossess him of" the Property. *Compl.* [#1] ¶ 9. Plaintiff brings five claims against Defendants, titled: (1) interference with contractual relations; (2) fraud/misrepresentation; (3) spurious documents; (4) FDCPA; and (5) TILA rescission. *Id.* ¶¶ 81-117. Plaintiff seeks damages against Defendants in the amount of $2,917,446.00. *Id.* at 18. Defendant seeks dismissal of all claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Motion* [#22] at 1.

## II. Standard of Review

Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th

Cir. 2002); see Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, with a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* at 1003. When reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

### III. Analysis

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), "the Supreme Court recognized a narrow doctrine permitting a federal court to abstain from exercising jurisdiction when a parallel case exists in state court." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121 (10th Cir. 2018). "[T]he *Colorado River* test requires 'exceptional circumstances' and an 'important countervailing interest' for a federal court to abstain from exercising jurisdiction based on pending

litigation in state court." *Id.* (quoting *Colorado River*, 424 U.S. at 813; citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (noting that "the balance [is] heavily weighted in favor of the exercise of [federal] jurisdiction" in a case involving state-federal concurrent litigation)).

In applying the *Colorado River* doctrine, the first preliminary question which must be determined is whether the state and federal cases at issue are actually concurrent. *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (stating that the Court must "first determine whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." (citations and internal quotation marks omitted)). Without elaboration, Plaintiff argues that, "[h]ere, quite clearly, 'substantially the same issues' are not being litigated 'in different forums.'" *Response* [#37] at 9. The Court agrees with Defendant's argument, however, that "[i]t is hard to imagine two cases more similar and fitting for application of *Colorado River* than this case and the 2017 Case," because both "implicate the same Property, are premised on the same set of operative facts, have [several] of the same claims, involve the same parties (with additions here), and hinge on the same basic issue—the validity of the loan documents." *Reply* [#38] at 6. In short, the cases need only be parallel, not identical, to be deemed concurrent, and the Court therefore finds that this case and the 2017 Case are concurrent. *See Fox*, 16 F.3d at 1082 (stating that this prerequisite is met "if substantially the same parties litigate substantially the same issues").

Application of the *Colorado River* doctrine requires consideration of eight factors: (1) "the possibility that one of the two courts has exercised jurisdiction over property," (2)

"the inconvenience from litigating in the federal forum," (3) "the avoidance of piecemeal litigation," (4) "the sequence in which the courts obtained jurisdiction," (5) "the vexatious or reactive nature of either case," (6) "the applicability of federal law," (7) "the potential for the state-court action to provide an effective remedy for the federal plaintiff," and (8) "the possibility of forum shopping." *Wakaya Perfection, LLC*, 910 F.3d at 1122. "No single factor is dispositive," *Fox*, 16 F.3d at 1082, and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. The factors are not a "mechanical checklist," and the Court must engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* However, abstention may be appropriate under this doctrine in light of principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (brackets and internal quotation marks omitted). "It is well-established that federal courts have the power to refrain from hearing, among other things, cases which are duplicative of a pending state proceeding. This latter principle—the avoidance of duplicative litigation—is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (citation and internal quotation marks omitted).

Regarding the first factor, i.e., "the possibility that one of the two courts has exercised jurisdiction over property," *Wakaya Perfection, LLC*, 910 F.3d at 1122, the heart of this case concerns real property located in Colorado, over which the state court in the 2017 Case is exercising its jurisdiction. *See D.A. Osguthorpe Family P'ship*, 705 F.3d at

1234 (stating that "acquiring jurisdiction over property in the course of . . . litigation" means that the lawsuit is "an action in rem or quasi in rem"); *In Rem*, Black's Law Dictionary (11th ed. 2019) (defining "quasi in rem" as "[i]nvolving or determining the rights of a person having an interest in property located within the court's jurisdiction"). The Court therefore finds that the first factor weighs in favor of abstention.

Regarding the second factor, i.e., "the inconvenience from litigating in the federal forum," *Wakaya Perfection, LLC*, 910 F.3d at 1122, "[g]eographically, both proceedings are in the state of Colorado, which does not weigh in favor of abstention." *Leago v. Ricks*, No. 20-cv-03297-NRN, 2021 WL 2650316, at *3 (D. Colo. June 28, 2021). The Colorado Court of Appeals, like the United States District Court for the District of Colorado, sits in downtown Denver, "at no great geographical distance from each other," which thus suggests no "physical or logistical inconvenience suffered as a result of litigating in dual forums." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1234. Thus, the Court finds that the second factor weighs against abstention.

Regarding the third factor, i.e., "the avoidance of piecemeal litigation," *Wakaya Perfection, LLC*, 910 F.3d at 1122, the Tenth Circuit Court of Appeals has held that this factor is the "paramount consideration" of the analysis under *Colorado River*. *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Leago*, 2021 WL 2650316, at *4 (quoting *Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). Here, four of Plaintiff's claims are virtually identical to those in the 2017 Case (interference with contractual relations, fraud/misrepresentation, spurious documents, FDCPA violations). *Compare Compl.* [#1]

¶¶ 81-112, *with* Defs.' Ex. C, Verified Second Am. Compl. In Partition & Quiet Title [#22-3] ¶¶ 73-79.  Thus, this Court would be considering many of the same issues as the state court.  *See, e.g.*, *MacIntyre v. JP Morgan Chase Bank*, No. 12-cv-02586-WJM-MEH, 2015 WL 1311241, at *4 (D. Colo. Mar. 19, 2015), *aff'd*, 644 F. App'x 806 (10th Cir. 2016) ("Now that the Foreclosure Proceeding has advanced to judgment and is pending appeal, the Court could not rule on Plaintiff's quiet title claim without risking direct interference with a state judgment, and possibly inconsistent results.").  Therefore, "due to the substantial risk of piecemeal litigation were this action to continue," the Court finds that this factor weighs heavily in favor of abstention.  *See id.*

Regarding the fourth factor, i.e., "the sequence in which the courts obtained jurisdiction," *Wakaya Perfection, LLC*, 910 F.3d at 1122, this "is not a strict first-past-the-post analysis; rather, priority is measured 'in terms of how much progress has been made in the two actions.'"  *Watermark Harvard Square, LLC v. Calvin*, No. 17-cv-00446-RM-KMT, 2018 WL 1166707, at *5 (D. Colo. Mar. 6, 2018), *report and recommendation adopted*, No. 17-cv-00446-RM-KMT, 2018 WL 1952587 (D. Colo. Mar. 29, 2018) (quoting *Cone Mem'l Hosp.*, 460 U.S. at 21–22).  "In general, the federal court should exercise jurisdiction in instances where substantial proceedings have not taken place in state court."  *Leago*, 2021 WL 2650316, at *4.  Here, substantial proceedings have taken place in state court; indeed, trial level proceedings, which began three years before the federal case was filed, have concluded, and the case is currently before the Colorado Court of Appeals.  This case, on the other hand, has not yet had a scheduling conference, and discovery has not yet begun.  *See MacIntyre*, 2015 WL 1311241, at *4 ("The Foreclosure Proceeding has now advanced through trial to a judgment, which is pending appeal, while

the instant action, despite its age, has never proceeded past jurisdictional briefing."). "All progress in this case, in other words, has been made in the state court." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233. Thus, the Court finds that this factor weighs heavily in favor of abstention.

Regarding the fifth factor, i.e., "the vexatious or reactive nature of either case," *Wakaya Perfection, LLC*, 910 F.3d at 1122, Plaintiff filed this lawsuit several months after his loss in the 2017 Case and after he had filed his Notice of Appeal there. *Defs.' Ex. D, 2020CA444 Docket* [#22-4] (noting March 6, 2020 filing of the Notice of Appeal); *Compl.* [#1] (filed on October 28, 2020). Further, as noted above, many of his claims here are similar or the same as his claims in the 2017 case. Thus, the case here appears to be reactive to his loss in state court and vexatious to the extent he asserts claims which were or which could have been asserted in the state court litigation. *See, e.g.*, *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1235 ("And it has also not escaped our attention that [the plaintiff] came to the federal courts for relief only after receiving an unfavorable state-court ruling on arbitrability several years after litigation had begun in Utah's state-court system."). Thus, the Court finds that this factor weighs in favor of abstention.

Regarding the sixth factor, i.e., "the applicability of federal law," *Wakaya Perfection, LLC*, 910 F.3d at 1122, two of Plaintiff's claims, those under the FDCPA and TILA, concern federal law, while the other three appear to be asserted under Colorado state law. "[T]his factor does not automatically compel the conclusion that the resolution of a claim arising under [federal law] is a task better suited for the federal courts." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1235. Nevertheless, "as a practical matter, the presence of federal claims would counsel in favor of exercising jurisdiction, while the lack

of such claims renders more reasonable a court's decision to decline jurisdiction." *MacIntyre*, 2015 WL 1311241, at *4.  Here, in the absence of any special considerations regarding the FDCPA or TILA, the Court finds that this factor weighs against abstention.

Regarding the seventh factor, i.e., "the potential for the state-court action to provide an effective remedy for the federal plaintiff," *Wakaya Perfection, LLC*, 910 F.3d at 1122, the Court has:

> no trouble concluding that the Colorado state court proceedings will adequately protect not only [Plaintiff's] rights, but the rights of all the parties to this dispute.  Colorado's judiciary is chosen via a merit-selection process where judges are appointed by the governor from a list of nominees submitted by a judicial nomination commission . . . .  Judicial performance commissions evaluate the performance of judges and judges stand for retention at least two years after their appointment.  This is a lauded system that seeks to ensure judicial competence, impartiality, and independence.

*Leago*, 2021 WL 2650316, at *5 (citing David P. Hersh, *Selection of Independent Colorado Judges*, The Docket (January 23, 2015) (https://www.dbadocket.org/ethics/selection-of-independent-colorado-judges/) (stating that Colorado's system of merit selection "ensures that judicial officers have the skills, aptitude, and inclination necessary to effectively serve on the bench")).  In addition, "the bare fact that [the plaintiff] has thus far failed to obtain [his] desired outcome in [Colorado] state-court litigation does not give us sufficient reason to think that [the plaintiff's] rights are somehow less protected in the [Colorado] state-court proceedings." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1235.  The Court finds that this factor weighs in favor of abstention.

Regarding the eighth and final factor, i.e., "the possibility of forum shopping," *Wakaya Perfection, LLC*, 910 F.3d at 1122, it appears, as noted with respect to the sixth factor, that Plaintiff lost (at least at the trial level) in the state court forum and so decided

to shop for another forum which he hoped would be more favorably to his claims, i.e., this federal forum. Indeed, it is difficult to read the facts and allegations of this case in any other way. Thus, the Court finds that this factor weighs in favor of abstention.

Accordingly, the Court finds that, on balance, these factors weigh heavily in favor of abstaining from the exercise of jurisdiction under the specific circumstances of this case. *See Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669 (10th Cir. 2020) (noting the "broad discretion accorded a district court in deciding whether to abstain under *Colorado River*"). However, this leaves the question of whether this case should be dismissed or whether it should be stayed pending resolution of state court proceedings. *See Leago*, 2021 WL 2650316, at *5; *MacIntyre*, 2015 WL 1311241, at *5. When it is possible that "the state court proceedings [may] not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Fox*, 16 F.3d at 1082; *see also id.* at 1083 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings."). Here, because of the federal claims, the Court finds that a stay and administrative closure pursuant to D.C.COLO.LCivR 41.2 is most appropriate.[6]

## IV. Conclusion

Based on the foregoing reasons,

---

[6] Because the Court finds that the Motion [#22] should be granted pursuant to the *Colorado River* doctrine, the Court does not address Defendants' other arguments, including those under the *Younger* doctrine and Fed. R. Civ. P. 12(b)(6).

The Court respectfully **RECOMMENDS** that the Motion [#22] be **GRANTED** to the extent that this case be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 17, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge