FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:59 am, Sep 16, 2021
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03228-RM-KLM

LANCE CASSINO,

 Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
ASHLEY JORDAN, SERINA LEE, RAYMOND SKERLING, II, AND
ROBERT HOFFMAN,

 Defendants.

---

## PLAINTIFF'S OBJECTIONS
## TO THE MAGISTRATE JUDGE'S RECOMMENDATION,
## PURSUANT TO Fed.R.Civ.P. 72

---

On August 17, 2021, the Magistrate Judge filed her Recommendation

(Document 45, p. 13) stating that the Defendants'[1] Joint Motion to Dismiss

(Doc. 22) should "be ADMINISTRATIVELY CLOSED pursuant to

D.C.COLO.LCivR 41.2, subject to reopening for good cause".  The basis

for that recommendation, to which Cassino respectfully objects, is the

*Colorado River* doctrine embodied in *Colorado River Water Conservation*

*District* v. *United States*, 424 U.S. 800, (1976).  On August 30, Cassino

---

[1] Hereafter, "Chase".

1

filed an unopposed motion to extend the deadline for filing written objections, which this District Court, in Document 47, extended to September 15, 2021.

I.   PRELIMINARY PROBLEM WITH THE MOTION TO DISMISS: CHASE WAIVED ITS *COLORADO RIVER* ARGUMENT BEFORE THE MAGISTRATE JUDGE EVER READ IT

The Motion to Dismiss raises three principal arguments for dismissal: the *Younger* doctrine on pages 8-9; the *Colorado River* doctrine on pages 10-11; and failure to state a claim under Fed.R.Civ.P. 12(b)(6) on pages 11-20.  The Magistrate Judge, presumably considering *Colorado River* to be Chase's most compelling argument, declined to address *Younger* or failure to state a claim.  (Reco., p. 12, n. 6).

Chase's *Colorado River* argument, as presented in two pages of the Motion to Dismiss, is much like a turkey dinner that is all stuffing and no turkey. The filler consists of (1) basic information about the doctrine; (2) thrice-stated advice that the Court "should" dismiss or stay the case; (3) a list of *Colorado River* factors used by courts in the Tenth Circuit—of which

2

Chase totally ignores six; and (4) a legally erroneous prediction on page 11 that "[o]nce the state court process has reached a final resolution, further litigation of this federal case would then be barred by operation of the claim and/or issue preclusion doctrines."  Once the generalities, the should's, and the prediction are stripped away, all that remains is one sentence of argument comprising thirty-one words:

> Here, the State Court has assumed jurisdiction over the Property and there is a judgment proceeding to the Colorado Court of Appeals related to the 2017 Case pertaining to the Property.

A one-sentence argument in any motion or opening brief demands rejection because it is waived, as the case law unanimously demonstrates:

*Spoon* v. *Berryhill*, n. 12 (WD Ok. Feb. 28, 2019):

"The Court does not find this one sentence argument to be developed and will not consider it herein. *See Strickland* v. *Astrue,* 496 F.App'x 826, 835 (10th Cir. 2012)(unpublished) ('We do not address the issue because this one-sentence statement does not adequately develop the argument.')."

*Utahns for Better Transportation v. U.S. Department of Transportation,* 305 F.3d 1152, 1169 (10th Cir. 2002):

(one-sentence argument waived because not adequately briefed).

*Amann* v. *Office of Utah Attorney General*, n. 13 (D. Utah Feb. 28, 2019):

> "But defendants' one-sentence argument on this point [supporting a motion to dismiss] fails to comply with Rule 7(b)(B) of the Federal Rules of Civil Procedure, which requires movants to 'state with particularity the grounds for seeking the order.'"

*Abdulina* v. *Eberl's Temporary Services*, n. 1, No. 14-cv-00314-RM-NYW (D. Colo. Aug. 4, 2015):

> "Defendant's undeveloped and perfunctory argument is waived. *See United States* v. *Hardman,* 297 F.3d 1116, 1131 (10th Cir. 2002)."

Cassino's Response (Doc. 37, filed April 13, 2021) covered this problem extensively on page 2:

> [Chase's] truncated argument regarding the *Colorado River* doctrine warrants summary denial because, as this Court observed recently in *Watson* v. *Dell Technologies*, (D. Colo. Nov. 16, 2020)[2] (ellipses omitted): "The court will not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," quoting *United States* v. *Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004).

---

[2] Case No. 19-cv-02667-RM-NYW.

On pages 8-9 of the Response, Cassino wrote at length about Chase's failure to mention—let alone demonstrate—the existence of parallel proceedings between this federal case and his pending state-court appeal In the Tenth Circuit, *Colorado River* analysis must begin with parallel proceedings; if they do not exist, the doctrine cannot apply. When "the cases are not parallel, the federal court must exercise jurisdiction." *Wells ex rel. Molycorp* v. *Smith*, (D. Colo. July 15, 2014), quoting *Allen* v. *Board of Education*, 68 F.3d 401, 403 (10th Cir. 1995). Chase's one-sentence argument—which said nearly nothing—said *absolutely* nothing about parallel proceedings and should have been rejected on that basis alone.

See page 9 of the Response:

> Ignoring these immovable obstacles [failure even to allege parallel proceeedings], Defendants skip around them, arriving (Motion, p. 10) at the Tenth Circuit's "nonexclusive list" of "seven factors for a federal district court to consider in deciding whether to defer to parallel state court proceedings." Having insisted on listing the factors, Defendants then ignore all of them except for the first: "whether either court has assumed jurisdiction over property". The Colorado Court of Appeals has done so, but no relief requested in this federal case will impinge upon its ability to affirm the judgment of foreclosure or reverse it. The danger of inconsistent judgments is exactly nil.

Cassino, on pages 9-10 of the Response, then proceeded to analyze briefly

factors 2 through 7 of the *Colorado River* factors—briefly because Chase

had ignored them entirely and he was not responding to anything that

Chase had written about them.[3]  He also informed the Magistrate Judge

(Response, p. 11) that anything new Chase might argue in its forthcoming

Reply would be too little, too late:

> Defendants' *Colorado River* argument, presented in a
> "perfunctory manner, unaccompanied by some effort at
> developed argumentation," is waived. *Watson* v. *Dell
> Technologies*, quoting *United States* v. *Wooten*, 377 F.3d at
> 1145. Nor can they do a better job in their reply to this Response
> because "Tenth Circuit law is clear that a party waives issues and
> arguments raised for the first time in a reply brief." *Colorado Rail
> Passenger* v. *Federal Transit*, 843 F.Supp.2d 1150, 1171 (D.
> Colo. 2011) (quotation marks omitted), quoting *M.D. Mark* v.
> *Kerr-McGee*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009). "Plaintiff's
> fifty-five-page opening brief is silent with respect to [the tardy]
> argument," and "[a]ccordingly, the Court finds that Plaintiff
> waived this argument and the Court need not consider it" in a
> reply. *Colorado Rail* at 1171.

Ignoring these warnings concerning late arguments raised for the first time

in a reply, Chase on April 26, 2021, filed Document 38:  a Reply stuffed full

of new arguments that were totally ignored in its Motion to Dismiss.

---

[3] Elsewhere in the Response, Cassino refuted in detail Chase's
*Younger* argument (pp. 6-8) and Chase's non-jurisdictional arguments (pp.
2-6).

Chase's premier, new argument is found on page 6:

> It is hard to imagine two cases more similar and fitting for application of *Colorado River* than this case and the 2017 Case. Yet, Cassino accuses Defendants of skipping an analysis of whether the present case is "parallel" to the 2017 Case.

Clever, but disingenuous.  It is a documented fact that Chase "skipped" parallel proceedings in its Motion to Dismiss, and "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief. . ." *M.D. Mark* v. *Kerr-McGee*, 565 F.3d 753, 767 n. 7 (10th Cir. 2009).  Still undeterred, Chase then provided two sentences of new— albeit cursory—argument addressing the *Colorado River* factors it had ignored in its Motion to Dismiss.

On June 10, 2021, Cassino filed Document 42, a Motion for Leave to File a Surresponse to Chase's Reply.  Chase did oppose it, but filed no response.  On August 17, 2021, the Magistrate Judge denied the motion (Doc. 44), finding "that Defendants did not raise new evidence or new legal arguments in the Reply," and also issued her recommendation to stay this case due to the *Colorado River* doctrine.

## II.   THE MAGISTRATE JUDGE IMPERMISSIBLY FILLED IN
## THE BLANKS IN CHASE'S *COLORADO RIVER* ARGUMENT

Not only did the Magistrate Judge allow Chase to raise parallel proceedings for the first time in its Reply,[4] but she also filled in the gaping, black hole left in the balance of its argument.  Regarding parallel proceedings, Chase belatedly provides one conclusory sentence citing exactly one unpublished case; regarding the factors, it belatedly (Reply, bottom of p. 6) provides two conclusory sentences citing *no* case law whatsoever.  Yet the Recommendation upholding Chase on *Colorado River* is over 7 pages long, and apart from the subject of parallel proceedings, it never cites the Motion to Dismiss or Reply ever again.  That is understandable:  Chase's argument, being totally undeveloped, provides nothing to cite.

On page 1, n. 2 of the Recommendation, the Magistrate Judge writes:

---

[4] See Recommendation, p. 6 (emphasis added): "The Court agrees with Defendant's argument, however, that '[i]t is hard to imagine two cases more similar and fitting for application of *Colorado River* than this case and the 2017 Case...' ***Reply [#38] at 6.***"  Contrary to what the Magistrate Judge stated in her Order (Doc. 44), Chase demonstrably raised an entirely new argument in its Reply. Her citation to the Reply proves it.

"the Court should not be the pro se litigant's advocate, nor should the Court

'supply additional factual allegations to round out a plaintiff's complaint or

**construct a legal theory** on a plaintiff's behalf.'" (Emphasis added;

citation omitted).  Yet that is exactly what has happened here, not for a pro

se party, but for Chase's attorneys.  Their three conclusory sentences (two

of them fatally late) did not warrant—let alone justify—seven pages of

analysis that ultimately constructed a legal theory which they were unable

or unwilling to construct for themselves.  As the Tenth Circuit stated in *San

Juan Citizens* v. *Stiles*, 654 F.3d 1038, 1056 (10th Circuit 2011)(emphasis

added):  "SJCA advances the argument no further, leaving to this Court the

burden of constructing a persuasive case for its position. **This we will not

do.** Having raised the issue insufficiently in its opening brief, SJCA has

waived it on appeal."  And as the court stated in *City of Albuquerque* v.

*Soto Enterprises* (D. NM April 12, 2016):  "It is simply not this Court's job to

construct or select Defendant's arguments for it."


III.   SUA SPONTE REVIEW MAY BE APPROPRIATE


The Motion to Dismiss, as it pertains to *Colorado River*, is beyond

redemption.  It should not have been considered at all, let alone recommended for granting.  However, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *Image Software* v. *Reynolds and Reynolds*, 459 F.3d 1044, 1048 (10th Cir. 2006).  Because *Younger* abstention, Chase's alternative jurisdictional argument, was not considered at all by the Magistrate Judge, this Court may wish, *sua sponte*, to evaluate *Colorado River*, which will be addressed now.

### 1.    The Federal and State Proceedings Are Not Parallel

With respect to this federal case and the appeal pending in the Colorado Court of Appeals, the proceedings are not parallel.  Overall, the appeal is about two subjects:  first, the judgment of foreclosure, and second, the reformation of the Deed of Trust.  The Promissory Note described in the federal Complaint is relevant to the first, but utterly irrelevant to the second.  The federal-state overlap is slight because in the

federal Complaint, the Promissory Note is cited only with respect to a request for monetary damages—which would not interfere with the state appellate court's determinations as to foreclosure and reformation. Furthermore, the Complaint adds four new defendants: Ashely Jordan, Serina Lee, Raymond Skerling, II, and Robert J. Hoffman, none of whom is a party to the state-court appeal. On top of all that, no federal finding of fact or conclusion of law against these four defendants will have any preclusive effect in the state court, and vice versa. Notwithstanding Chase's wishful thinking on that point,[5] none of these four defendants is in privity with Cassino in the state case, where no claims were ever filed against them.[6] To add it all up and come to a simple, straightforward conclusion: there is no parallelism here because the "parties" are not "substantially the same", and they are not litigating "substantially the same issues in different forums." *Fox* v. *Maulding,* 16 F.3d 1079, 1081 (10th Cir. 1994)(citations and internal quotation marks omitted).[7]

---

[5] See p. above and Motion to Dismiss, p. 11.

[6] *In Matter of Water Rights*, 361 P.3d 392, 398 (Colo.2015).

[7] On p. 6 of the Recommendation (punctuation altered), the Magistrate Judge states: "Without elaboration, Plaintiff argues that 'here, quite clearly,

## 2. The *Colorado River* factors

Regarding the first factor, "the possibility that one of the two courts has exercised jurisdiction over property," *Wakaya Perfection* v. *Youngevity*, 910 F.3d 1118, 1122 (10th Cir. 2018), the Colorado Court of Appeals is exercising it because foreclosure and reformation of a deed are *in rem* proceedings directly affecting the property at issue. However, this factor is intended to prevent a second court from attempting to exercise simultaneous *in rem* jurisdiction over the same property, which could produce disastrously conflicting judgments. *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800 (1976), citing *Princess Lida* v. *Thompson*, 305 U.S. 456, 466 (1939). In the federal Complaint, the relief requested is purely monetary and thus *in personam*, and will not interfere with the Colorado Court of Appeals regardless of its disposition of the *in rem* issues before it. This factor weighs heavily in favor of federal jurisdiction.

Regarding the second factor, "the inconvenience from litigating in the federal forum," *Wakaya* at 1122, the Magistrate Judge correctly observed (Reco., p. 8) that no inconvenience exists.

---

substantially the same issues are not being litigated in different forums.' Response [#37] at 9." There was no "elaboration" because Chase's parallel argument, at that point, was nonexistent, defying a response of any kind. When Chase finally made a fatally late parallel argument in its Reply, the Magistrate Judge refused to allow Cassino to file a surresponse to it. See p. 7 above.

The third factor, "the avoidance of piecemeal litigation," *Wakaya* at 1122, is alluded to above in the paragraph about non-parallel proceedings. There is no risk of piecemeal litigation.  Each court can do its work without intruding upon the other; nothing the federal court ultimately concludes about the Promissory Note can be used in the state court to interfere with the *in rem* subject matter or with any of the other issues there. There is thus no reason to defer to the state court, especially because nothing it does can affect, one way or the other, any of the four new defendants who are totally exempt from the preclusive effects of any state-court judgment.[8]  That means there *has* to be *some* duplication of *some* issues common to both courts because the state court's resolution of those issues cannot affect the four new defendants in federal court, where the issues have to be examined again.  That does not justify a sweeping conclusion of piecemeal litigation.[9]

---

[8] See p. above.

[9] The Recommendation, p. 9, misapprehends the statement of Judge Martinez in *MacIntyre* v. *JP Morgan Chase Bank*, No. 12-cv-02586-WJM-MEH, (D. Colo. Mar.19, 2015): "Now that the Foreclosure Proceeding has advanced to judgment and is pending appeal, the Court could not rule on Plaintiff's quiet title claim without risking direct interference with a state judgment, and possibly inconsistent results." True—because both

Regarding the fourth factor, "the sequence in which the courts obtained jurisdiction," *Wakaya* at 1122, the Colorado Court of Appeals obtained jurisdiction before this Court did.

Regarding the fifth factor, "the vexatious or reactive nature of either case," *Wakaya* at 1122, three points are in order. First, the state appeal was initiated on March 6, 2020, whereas this federal case began on October 28, 2020. In general English usage, when nearly eight months separate two events, it is not normal to say the second event was a "reaction" to the first. An individual who is determined to react to something does not postpone his reaction for eight months. Second, Cassino was clearly not "reacting" to the four new defendants who were never defendants in the state court. Third, as discussed in the next factor, there is nothing "vexatious" about an American citizen exercising his constitutional and statutory right to diversity jurisdiction.

Regarding the sixth factor, "the applicability of federal law," *Wakaya* at 1122, the Recommendation on page 10 is correct that "two of Plaintiff's

---

foreclosure and quiet title are quintessentially *in rem* actions. No *in rem* relief is sought in Cassino's Complaint in this Court. Hence, no "direct interference with a state judgment" and no "inconsistent results."

claims, those under the FDCPA and TILA, concern federal law" and "as a practical matter, the presence of federal claims would counsel in favor of exercising jurisdiction."

Regarding the seventh factor, "the potential for the state-court action to provide an effective remedy for the federal plaintiff," *Wakaya* at 1122, the Recommendation on page 11 equates this factor with the general competence and integrity of the state judiciary.   No matter how competent and ethical Colorado's judges may be, they simply lack the jurisdiction to address claims in the federal court that were not part of Cassino's original case in the state trial court, i.e., the federal claims, claims for monetary relief, and  all claims against the new defendants.  The state-court appeal is most definitely not able "to provide an effective remedy for the federal plaintiff."

Regarding the eighth and final factor, i.e., "the possibility of forum shopping," *Wakaya* at 1122, that is not a possibility here.  As the Ninth Circuit explained in *First State Insurance* v. *Callan Associates*, 113 F.3d 161, 162  (9th Cir.1997):

> Although occasionally stigmatized as "forum shopping," the
> desire for a federal forum is assured by the constitutional

provision for diversity jurisdiction and the congressional statute implementing Article III. While federal courts already sustain a heavy burden of litigation, their doors cannot be closed to a suitor who qualifies under the rigorous criteria for federal jurisdiction. In the proper case, as this one has turned out to be, the obligation to exercise jurisdiction is "virtually unflagging." *Colorado River Water Conservation Dist*. v. *United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

What the court in *Ivey* v. *Spilotro* (D. Nev. July 9, 2012)(citations omitted) said applies here exactly:

Plaintiff's filing of previously unasserted claims in federal court on the basis of diversity jurisdiction is not "forum shopping." "The desire for a federal forum is assured by the constitutional provision for diversity jurisdiction," and, as such, federal courts "are cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court." Plaintiff did not assert her legal malpractice and civil conspiracy claims in state court, and now asserts them in federal court on the basis of diversity jurisdiction. As such, Plaintiff is not forum shopping and this factor does not favor dismissal.

Of the eight *Colorado River* factors, only the fourth supports a stay of this case. The other seven do not.

Of the eight *Colorado River* factors, only the fourth supports a stay of this case. The other seven do not.

## CONCLUSION

The Plaintiff respectfully requests that the Recommendation be denied, that Chase's Motion to Dismiss be denied for inadequate briefing, and that if this Court conducts *sua sponte* jurisdictional review, that *Colorado River* be rejected as a basis for dismissing or staying this case.

Respectfully submitted on this fifteenth day of September, 2021.

Lance Cassino

Lance Cassino
Plaintiff pro se
P.O. Box 1050
Conifer, CO 80433
303-838-0221
lancecassino@msn.com

17

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Objections upon all Defendants by electronic transmission to their attorneys at the following email addresses on September 15, 2021:

Mr. Robert J. Hoffman

**rjhoffman@bclplaw.com**

Mr. Craig K. Schuenemann

**craig.schuenemann@bryancave.com**

Lance Cassino
Plaintiff pro se
P.O. Box 1050
Conifer, CO 80433
303-838-0221
lancecassino@msn.com