IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03228-RM-KLM

LANCE CASSINO,

      Plaintiff,

v.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION,
U.S. BANK NATIONAL ASSOCIATION,
ASHLEY JORDAN,
SERINA LEE,
RAYMOND SKERLING, II, and
ROBERT HOFFMAN,

      Defendants.

---

## ORDER

---

Before the Court is the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 45) to grant Defendants' Joint Motion to Dismiss (ECF No. 22) and to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause. Plaintiff filed Objections to the Recommendation (ECF No. 48), and Defendants filed a Response to the Objections (ECF No. 49). For the reasons below, the Court overrules the Objections and adopts the Recommendation.

I.     LEGAL STANDARDS

    A.     Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Fed. R. Civ. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

### C. Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity

with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff did not object to the magistrate judge's recitation of the relevant background information, which the Court incorporates into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In short, Plaintiff obtained a $200,000 loan from Community Mortgage Group in 2005, using real property he owned in Jefferson County, Colorado to secure a deed of trust. The loan was serviced by Defendant J.P. Morgan Chase Bank National Association ("Chase").

In 2017, Plaintiff brought an action in state court against Chase and various other entities and individuals asserting claims for interference with contractual relations, fraud, spurious documents, violation of the Fair Debt Collections Practices Act ("FDCPA"), and quiet title. The gist of these claims is that Chase obtained an interest in the deed of trust through fraudulent means. But Chase prevailed on each claim, either on summary judgment or directed verdict. Chase also prevailed on its related counterclaims, including its claims for reformation of the deed of trust and judicial foreclosure. Plaintiff's appeal of that case remains pending before the Colorado Court of Appeals.

Plaintiff has since filed this lawsuit, asserting claims for interference with contractual relations, fraud, spurious documents, violation of the FDCPA, and rescission under the Truth in Lending Act, seeking about $2.9 million in damages. Defendants moved to dismiss the action pursuant to the *Colorado River* doctrine, among other reasons. *See Colo. River Water*

3

*Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121 (10th Cir. 2018).

As a threshold matter, the magistrate judge determined that this case and Plaintiff's state case are concurrent because both cases implicate the same real property, are premised on the same set of operative facts, have several of the same claims, involve the same parties, and hinge on the same basic issue—the validity of the underlying loan documents. (ECF No. 45 at 6.) The magistrate judge then dutifully considered the eight factors used in this Circuit to assess whether abstention is warranted under the *Colorado River* doctrine, noting that the principle of avoiding duplicative litigation is at its core. (*Id.* at 7.) All but two of the factors weighed in favor of abstention, the magistrate judge found, and, on balance, they weighed heavily in favor of abstaining under the circumstances. (*Id.* at 6-12.)

### III. ANALYSIS

Plaintiff first objects on the grounds that Defendants waived the argument that the *Colorado River* doctrine applies because they failed adequately raise it in their Motion to Dismiss. According to Plaintiff, "[o]nce the generalities, the should's, and the prediction are stripped away, all that remains is one sentence of argument comprising thirty-one words." (ECF No. 48 at 3.) But the Motion clearly raises the issue, and the fact that it does not contain a factor-by-factor analysis is not fatal. Plaintiff's contention that the Motion fails to demonstrate the existence of parallel proceedings misses the mark because a side-by-side comparison of the complaints in this case and the state case amply supports the magistrate judge's conclusion that "four of Plaintiff's claims are virtually identical to those in the 2017 Case (interference with

contractual relations, fraud/misrepresentation, spurious documents, FDCPA violations)." (ECF No. 45 at 8.)

Plaintiff's waiver argument fails for the additional reason that, as Plaintiff acknowledges in his Objections, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation. *See 1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also D.A. Osguthorpe Family P'ship v. ASC Utah Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013) ("[A] court may raise the issue of abstention *sua sponte*."). As a result, the Court rejects Plaintiff's contention that the magistrate judge "impermissibly filled in the blanks" with respect to Defendants' *Colorado River* argument. (ECF No. 48 at 8.)

Plaintiff also argues on the merits that the *Colorado River* doctrine does not provide a basis for staying or dismissing this case. Although he argues that the "federal-state overlap is slight" (ECF No. 48 at 10), he fails to meaningfully address the magistrate judge's determination that four of his claims in this case are virtually identical to those in the state case or the many other obvious commonalities between the cases. Further, if the state case is affirmed, that will likely be determinative of the claims in this case, which all hinge on the validity of the assignment of Plaintiff's loan to Chase. Nor can Plaintiff establish that the cases are not parallel simply because he has included the four individual Defendants in this case. Their alleged conduct is relevant only insofar as they acted as representatives of Chase.

5

Plaintiff also raises arguments regarding the application the eight *Colorado River* factors considered by the magistrate judge. The *Wakaya Perfection* court listed the factors in the following terms:

> (1) the possibility that one of the two courts has exercised jurisdiction over property,
>
> (2) the inconvenience from litigating in the federal forum,
>
> (3) the avoidance of piecemeal litigation,
>
> (4) the sequence in which the courts obtained jurisdiction,
>
> (5) the vexatious or reactive nature of either case,
>
> (6) the applicability of federal law,
>
> (7) the potential for the state-court action to provide an effective remedy for the federal plaintiff, and
>
> (8) the possibility of forum shopping.

910 F.3d at 1122 (quotation omitted).

With respect to the first factor, the state court clearly assumed jurisdiction over the real property at issue, and Plaintiff has not shown that he could prevail on any claim in this case without implicating the state court's jurisdiction. Thus, the Court agrees with the magistrate judge's conclusion that this factor weighs in favor of abstention.

Plaintiff agrees with the magistrate judge's determination that the lack of inconvenience from litigating in this forum weighs against abstention. The Court discerns no error with respect to the weighing of the second factor.

With respect to the third factor, the virtual identicality of four of Plaintiff's five claims is discussed above. Plaintiff's attempt to distinguish *in rem* and *in personam* proceedings in this

6

context makes little since.  Again, if the state court upholds the assignment of Plaintiff's loan to Chase, it appears Plaintiff will have no path forward on the claims in this case.  Accordingly, the Court agrees with the magistrate judge that the aim of avoiding piecemeal litigation weighs heavily in favor of abstention.

With respect to the fourth factor, Plaintiff concedes, as he must, that the Colorado Court of Appeals obtained jurisdiction before this Court did.  There is no reasonable basis for debating that significant progress has been made in the state case and that little progress, if any, has been made in this one.  Therefore, this factor weighs in favor of abstention as well.

With respect to the fifth factor, Plaintiff contends "there is nothing 'vexatious' about an American citizen exercising his constitutional and statutory right to diversity jurisdiction."  (ECF No. 48 at 14.)  In the abstract, the Court does not disagree.  However, in this case, Plaintiff has provided no explanation or argument as to why all the claims in this case could not have been brought in the state case.  To proceed in that case through final judgment and then to bring this federal case asserting substantially similar claims (albeit, adding a new federal claim and four individual Defendants) strikes the Court as vexatious and reactive.  Thus, the Court agrees with the magistrate judge that this factor weighs in favor of abstention.

Plaintiff agrees with the magistrate judge's determination that the applicability of federal law weighs against abstention.  The Court discerns no error in the Recommendation with respect to weighing the sixth factor.

In the absence of any explanation as to why he could not have brought the claims in this case in his state case, Plaintiff has not shown that the state court remedy is inadequate.  Accordingly, the seventh factor weighs in favor of abstention.

With respect to the eighth factor, Plaintiff does not meaningfully address the magistrate judge's assessment that it is difficult to read the facts and allegations of this case in any other way besides an attempt to shop for a more favorable forum. (*See* ECF No. 45 at 12.) For the most part, the claims asserted here are claims asserted previously and unsuccessfully in state court. As a result, this factor weighs in favor of abstention.

Having considered the *Colorado River* factors independently and as a whole, the Court agrees with the magistrate judge's conclusion that abstention is appropriate in this case.

## IV. CONCLUSION

Therefore, the Court ORDERS as follows:

(1) Plaintiff's Objections (ECF No. 48) are OVERRULED,

(2) the Recommendation (ECF No. 45) is ACCEPTED,

(3) Defendants' Joint Motion to Dismiss (ECF No. 22) is GRANTED, and

(4) the Clerk is directed to ADMINISTRATIVELY CLOSE this case.

DATED this 27th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge